**Steven DAY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 27297.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 6, 2006.

J. Wesley Harden, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Steven Day ("Movant") claims one point of error in this appeal from the denial of his motion for post-conviction relief that his plea was not made voluntarily. Because he failed to bring this claim in his amended motion, we decline to review his claim and affirm the judgment.

Movant's point claims the following error:

> The trial court erred in not setting aside the acceptance of [Movant's] guilty pleas because the guilty pleas were not voluntary in that the pleas were premised upon representations made by the prosecutor and [Movant's] trial counsel regarding the amount of time [Movant] would have to serve in the Department of Corrections if he plead guilty to the charges, and the court did not properly inquire in open court as to whether any such representations influenced [Movant's] guilty pleas and did not make a finding that [Movant's] guilty pleas were voluntarily made as required by Rule 24.02(c) of the Missouri Rules of Criminal Procedure.

■ Thus, it appears that on appeal Movant is alleging that the guilty pleas were not voluntary because (1) they were premised upon representations made by the prosecutor and trial counsel regarding the amount of time Movant would have to serve in the department of corrections, (2) that the trial court did not properly in-

quire in open court as to whether any such representations influenced Movant's guilty pleas, and (3) that the trial court did not make a finding that the guilty pleas were voluntarily made. The point obviously contains three potential claims of error. Points relied on containing multifarious claims violate Rule 84.04(d) and ordinarily are subject to dismissal.[1] *Estate of Phillips v. Matney*, 40 S.W.3d 15, 18 (Mo.App. S.D.2001). To discern which of the three to address, we have looked to Movant's argument.

Movant's argument is equally unclear but primarily addresses the court's inquiry at the time of the plea. The thrust of his argument is that there was testimony during the plea hearing that the State had previously offered a plea agreement but that the offer was never formally accepted and was subsequently withdrawn. Although there was no plea agreement at the time of the plea, plea counsel requested that the court take that previous offer into consideration when announcing its sentence. The court did not follow the terms of the previous plea offer. Movant now argues that the representation of the previous offer "effectively dangled a carrot in front of [Movant]."

■ Contrary to the point and argument presented on appeal, Movant's amended motion claimed plea counsel was ineffective because he (1) misadvised Movant as to the consequences of his plea; (2) failed to arrange a possible follow-up plea before the prosecutor withdrew the original offer of five years with a 120 day call back; (3) did not tell Movant about a second offer in which the State would only ask for a cap of ten years on the sentence if Movant was found guilty; (4) failed to advise Movant that if he was sentenced to twelve years he would not be parole-eligi-

ble for at least four years; and (5) never fully advised Movant that prior out of state convictions would be used to enhance his sentence as a prior and persistent drug offender.

We note that Movant did not allege that he was misled by anything the prosecutor stated or that the plea court failed to comply with Rule 24.02.

■ Claims not presented to the motion court cannot be raised for the first time on appeal. *Grubbs v. State*, 760 S.W.2d 115, 120 (Mo. banc 1988). Movant has failed to preserve any claim for appellate review. The judgment overruling Movant's Rule 24.035 motion is affirmed.

PARRISH, J., SCOTT, J., concur.

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.