STATE of Missouri, Respondent,

v.

Robert D. MARCH, Appellant.

No. SC 87902.

Supreme Court of Missouri,
En Banc.

March 20, 2007.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Atty. Gen., Jefferson City, for respondent.

MARY R. RUSSELL, Judge.

Appellant Robert March challenges his conviction of second-degree drug trafficking, section 195.233, RSMo 2000. He contends that a laboratory report identifying as cocaine base the substance seized during a search of his girlfriend's apartment was testimonial evidence under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). He argues that his confrontation rights were violated because the report was admitted into evidence even though the crime laboratory analyst who prepared the report did not testify at trial. This Court finds that the report was testimonial and its admission without the analyst's testimony violated March's rights under the Confrontation Clause. The error in admitting the report was not harmless. The judgment is reversed, and the case is remanded.

## I. Factual Background

Police officers entered the home of Keva Davis in the early morning hours to execute a search warrant. The officers went directly to the master bedroom, where Davis and March were sleeping. The couple was ordered to step out of bed, at which point one of the officers noticed a small object fall onto the floor. The officer looked on the floor, but did not see anything. As the officers moved Davis from the bedroom to the living room, they noticed that she was walking with an unusual gait. They found a clear plastic bag containing several rocks in her clinched toes.

March was arrested and later charged with drug trafficking in the second degree. At his trial, the State sought to admit a crime laboratory report that documented the results of the forensic analysis that Dr. Robert Briner conducted on the substance the officers found Davis hiding under her foot. Dr. Briner concluded in the report that the substance was cocaine base and weighed 2.7 grams. Instead of calling Dr. Briner (who had moved to North Carolina) to testify about his report, the State called the custodian of the laboratory's record, Pam Johnson. March objected, arguing that the report contained testimonial hearsay and its admission without Dr. Briner's testimony violated the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court overruled March's objection and admitted the report. The jury found him guilty. He appeals to this Court.

This case was transferred to this Court by an order pursuant to Rule 83.04, as this case raises an issue of general interest and importance. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

## II. Standard of Review

Typically, appellate review of evidentiary rulings, such as the admission of chemical laboratory reports, is limited to whether the trial court abused its discretion. *State v. Wolfe*, 13 S.W.3d 248, 258 (Mo. banc 2000). But whether a criminal defendant's rights were violated under the Confrontation Clause by the admission of a laboratory report is a question of law that

this Court reviews *de novo. State v. Justus,* 205 S.W.3d 872, 878 (Mo. banc 2006).

## III. Analysis

 March contends that the admission of the laboratory report violated his rights under the Confrontation Clause. That clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington,* the United States Supreme Court held that the Confrontation Clause demands that all *testimonial* evidence be excluded unless the declarant is unavailable to testify and the defendant had a prior opportunity for cross-examination. 541 U.S. at 68, 124 S.Ct. 1354.

*Crawford* significantly changed the Confrontation Clause analysis for hearsay evidence. Before *Crawford,* an out-of-court statement could be admitted over a Confrontation Clause objection if the witness was unavailable to testify and the statement carried with it an adequate indicia of reliability. *Crawford,* 541 U.S. at 42, 124 S.Ct. 1354 (citing *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). In order to have an "adequate indicia of reliability," the evidence must either "fall within a firmly rooted hearsay exception" or have "particularized guarantees of trustworthiness." Id. at 40, 124

S.Ct. 1354 (quoting *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531).

 Pre-*Crawford* Missouri case law has held that laboratory reports prepared by an unavailable declarant are admissible against the defendant over a Confrontation Clause objection because they fall under the business records exception to the hearsay rule. *See State v. Taylor,* 486 S.W.2d 239, 242–43 (Mo.1972). The State argues that the laboratory report should still be admissible under the business records exception to the hearsay rule. It cites dicta in *Crawford* that noted that the hearsay exceptions that existed in 1791, such as the business records exception, were by their nature not testimonial. *See Crawford,* 541 U.S. at 56, 124 S.Ct. 1354. Under *Crawford,* however, falling within a hearsay exception does not resolve the Confrontation Clause issue because *Crawford* divorced the hearsay exceptions from the Confrontation Clause analysis. Further, the business record exception in 1791 was a narrow one. *Thomas v. United States,* 914 A.2d 1, 13 (D.C.2006). The State directs us to cases from other jurisdictions that hold that laboratory reports are business records, and such business records are not testimonial under the Confrontation Clause. However, generally these cases seem to incorrectly focus on the reliability of such reports.[1] The reliability of the reports, once paramount under *Roberts,* is

---

1. *See Perkins v. State,* 897 So.2d 457, 464 (Ala.Crim.App.2004) (autopsy report admissible under *Crawford* because it bore the earmark of reliability and furthered the integrity of the fact-finding process); *People v. Johnson,* 121 Cal.App.4th 1409, 1413, 18 Cal. Rptr.3d 230 (Cal.Ct.App.2004) ("routine documentary evidence" such as a laboratory report is not testimonial under *Crawford* ); *People v. Hinojos–Mendoza,* 140 P.3d 30, 37 (Colo.Ct.App.2006) (laboratory report admissible as to weight of cocaine seized because weighing incoming material to be tested is a routine laboratory procedure); *Rollins v. State,* 392 Md. 455, 897 A.2d 821, 845–46

(2006) ("If the autopsy report contains only findings about the physical condition of the decedent that may be fairly characterized as routine, descriptive and not analytical, and those findings are generally reliable and are afforded an indicum of reliability, the report may be admitted into evidence without the testimony of its preparer, and without violating the Confrontation Clause"); *Commonwealth v. Verde,* 444 Mass. 279, 827 N.E.2d 701, 705 (2005) (laboratory report of chemical analysis on cocaine admissible under *Crawford* because the test is neither discretionary nor based on opinion); *State v. Ded-*

now irrelevant. At issue in this case is whether the laboratory report was "testimonial" under *Crawford*.

*Crawford* did not offer a precise definition of "testimonial statements." 541 U.S. at 68, 124 S.Ct. 1354. It discussed how testimonial statements are made by witnesses who "bear testimony" and that "testimony" is defined as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." Id. at 51, 124 S.Ct. 1354. The Court stated that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* The Court cited three useful "formulations of this core class of 'testimonial' statements":

> (1) *"ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,"

> (2) "extrajudicial statements ... contained in affidavits, depositions, prior testimony, or confessions," and

> (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."

*Id.* at 51–52, 124 S.Ct. 1354.

The United States Supreme Court further elaborated on "testimonial" statements in *Davis v. Washington,* —— U.S. ——, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224 (2006). At issue in Davis was whether statements made during a 911 call were "testimonial." *Id.* at 2270–71. The Court held that a statement made in response to police interrogation is testimonial when its "primary purpose" is not to respond to an ongoing emergency but "to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 2273–74.

■ Under the definitions of "testimony" and "testimonial" in *Crawford,* as well as the "primary purpose" test in Davis, it is clear that the laboratory report in this case constituted a "core" testimonial statement subject to the requirements of the Confrontation Clause. The laboratory report was prepared at the request of law enforcement for March's prosecution. It was offered to prove an element of the charged crime-*i.e.,* that the substance March possessed was cocaine base. The report was a sworn and formal statement offered in lieu of testimony by the declarant. Use of sworn *ex parte* affidavits to secure criminal convictions was the principal evil at which the Confrontation Clause was directed. *Crawford,* 541 U.S. at 50, 124 S.Ct. 1354. A laboratory report, like this one, that was prepared solely for prosecution to prove an element of the crime charged is "testimonial" because it bears all the characteristics of an *ex parte* affidavit.

---

*man,* 136 N.M. 561, 102 P.3d 628, 636 (2004) (laboratory report showing blood alcohol content admissible under *Crawford* because the process of testing is routine, non-adversarial, and made to ensure an accurate measurement); *State v. Forte,* 360 N.C. 427, 629 S.E.2d 137, 143 (2006) (laboratory report on DNA test not testimonial because such reports are routine, neutral and not inherently subject to manipulation or abuse); *State v. Cao,* 175 N.C.App. 434, 626 S.E.2d 301, 305 (2006) (though not enough information in record on appeal about procedures to test cocaine to decide whether that report was admissible, in general laboratory reports may be admissible under *Crawford* if the testing is mechanical and the report contains objective facts not involving opinions or conclusions drawn by an analyst).

■ When a laboratory report is created for the purpose of prosecuting a criminal defendant, like this one was, it is testimonial.[2] It may not be admitted without the testimony of its preparer unless the witness is unavailable and there was a prior opportunity to cross examine. Neither of those requirements were met here. Thus, the admission of the report violated March's rights under the Confrontation Clause.

■ Confrontation Clause violations are subject to the harmless error test found in *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *United States v. Chapman,* 356 F.3d 843, 846 (8th Cir.2004). That test requires that the error be harmless beyond a reasonable doubt, meaning that there is no reasonable doubt that the error's admission failed to contribute to the jury's verdict. Id. Here, the laboratory report was essentially the only evidence offered to prove that the substance March possessed was cocaine. In order to find him guilty of drug trafficking, the jury must have found that the substance he possessed was cocaine. The error was not harmless in that the laboratory report contributed to the jury's verdict.

## IV. Conclusion

The laboratory report constituted testimonial evidence. Its admission without Dr. Briner's testimony violated the Confrontation Clause. The error in admitting the report was not harmless. The judgment is reversed, and the case is remanded.[3]

All concur.

2. Many jurisdictions have held that laboratory reports are testimonial. *See Smith v. State,* 898 So.2d 907, 916 (Ala.Crim.App.2004) (admission of autopsy report without testimony of medical examiner who performed the autopsy violated Confrontation Clause); *Thomas v. United States,* 914 A.2d 1, 12–13 (D.C.2006) (laboratory report identifying substance as cocaine testimonial); *Belvin v. State,* 922 So.2d 1046, 1054 (Fla.Dist.Ct.App.2006) (breath test affidavit testimonial); *Johnson v. State,* 929 So.2d 4, 7 (Fla.Dist.Ct.App.2005) (laboratory report identifying substance as cocaine testimonial); *State v. Caulfield,* 722 N.W.2d 304, 310 (Minn.2006) (laboratory report identifying substance as cocaine testimonial); *City of Las Vegas v. Walsh,* 121 Nev. 899, 124 P.3d 203, 207 (2005) (nurse affidavit on blood-alcohol analysis testimonial); *People v. Rogers,* 8 A.D.3d 888, 891–92, 780 N.Y.S.2d 393 (N.Y.App.Div.2004) (admission of blood alcohol test results violated Confrontation Clause); *State v. Campbell,* 719 N.W.2d 374, 376–77 (N.D.2006) (laboratory report identifying substance as marijuana testimonial); *State v. Crager,* 164 Ohio App.3d 816, 844 N.E.2d 390, 396 (2005) (DNA analyst's report testimonial); *State v. Miller,* 208 Or.App. 424, 144 P.3d 1052, 1060 (2006) (laboratory reports concluding urine and pipe residue contained methamphetamine testimonial).

3. As the judgment is reversed, March's other claim of error raised in this appeal need not be reviewed.