**STATE of Missouri, Plaintiff–Respondent,**

v.

**Frank J. MARRONE, Defendant–Appellant.**

**No. SD 29077.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 15, 2009.

1999); *O'Neal v. State,* 925 S.W.2d 480, 482–83 (Mo.App.1996).

578

Lenny Kagan, Clayton, MO, Attorney for Appellant.

Chris Koster, Jamie Pamela Rasmussen, Jefferson City, MO, Attorney for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Frank J. Marrone ("Appellant") was found guilty by a jury of driving while intoxicated in violation of section 577.010 [1] in the Circuit Court of Camden County. Appellant was sentenced as a chronic offender, pursuant to section 577.023 RSMo Cum.Supp.2005, to seven years incarceration. The judgment is affirmed.

■■■ Appellant brings two points on appeal. Appellant's first point reads as follows:

Improper Prior Convictions or Pleas of Guilty to Driving While Intoxicated or Excessive Blood Alcohol Content cannot be used by the Prosecution to enhance a Pending Driving While Intoxicated charge from a Misdemeanor to a Felony.

As stated in Rule 84.04(d)(4), "[a]bstract statements of law, standing alone, do not comply" with the rule. "Compliance with Rule 84.04 is important to ensure that appellate courts do not act as advocates by speculating about facts or arguments that have not been made." *State ex rel. Nixon v. Worthy,* 247 S.W.3d 8, 15 (Mo.App. W.D. 2008). To meet the requirements of Rule 84.04(d)(1), a point relied on must not only identify the error, but must also state the reasons why the trial court made a mistake. Appellant failed to meet both requirements in his first point.

■■■ Additionally, Appellant's first point is multifarious because it is complaining about three prior convictions each of which

have different facts. *See Day v. State,* 208 S.W.3d 294, 295 (Mo.App. S.D.2006). Generally, multifarious points are subject to dismissal under Rule 84.04 because they leave nothing for appellate review. *Id.* Because Appellant's first point is an abstract statement of law without support, it preserves nothing for appellate review. *See Falls Condominiums Owners' Ass'n, Inc. v. Sandfort,* 263 S.W.3d 675, 679 (Mo. App. S.D.2008). The point is dismissed.

■■■ Appellant's second point reads as follows:

The Court Erred in Admitting the Results of a Datamaster Breath Testing Machine Without the Analyst's Testimony, Violating Appellant's Rights Under the Confrontation Clause. Because the Jury Relied on the Blood Alcohol Content Result, the Error was not Harmless.

Appellant's second point appears to contend that admission of the Datamaster results violated his Sixth Amendment right to confrontation of witnesses against him. Appellant initially argues that no foundation existed for the Datamaster maintenance report because the person who made the report was unavailable and because Trooper Mosley, the person who testified as to the validation of the report, had no personal knowledge of the maintenance check. The State offered the maintenance report for admission under Missouri's Business Records Act. Section 490.680 states that a document is admissible as a business record where

the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near

---

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2005), unless otherwise specified.

the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Although a foundation for business records is generally established through the testimony of the custodian of records or another qualified witness, section 490.692 allows a business record to be authenticated through a custodian's affidavit rather than direct testimony at trial. *Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. W.D.1996).

In this case, the official who performed the maintenance check and completed the report was unavailable to testify at trial. The record, however, was offered with a business records affidavit that was in accordance with section 490.692, and was completed by the custodian of records at the highway patrol. The affidavit indicated that the report was completed in the ordinary course of business and that it was done at the time of the maintenance check. Because the affidavit contained all the information specified by statute, the trial court did not err in admitting the record over Appellant's objection that it lacked proper foundation.

■ As to Appellant's contention that admission of the maintenance report violated his Sixth Amendment right to confront witnesses against him, pursuant to the Confrontation Clause, because the report constituted testimonial evidence and because he was unable to cross-examine the witness who prepared it, the United States Supreme Court has held that the Confrontation Clause demands that all testimonial evidence be excluded unless the person who made the statement is unavailable to testify and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The United States Supreme Court defined "testimonial" statements as those where the "primary purpose" of the interrogation is not to respond to an ongoing emergency but "to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

Contrary to Appellant's argument, the maintenance report in this case was not created in preparation for trial. Missouri courts have stated that breathalyzer maintenance reports are considered non-testimonial. *See Olivo v. Director of Revenue, State of Mo.*, 950 S.W.2d 327, 328–29 (Mo. App. E.D.1997). The maintenance report is mandated by the regulations of the department of health and senior services. Section 577.026; 19 C.S.R. 25–30.031. The purpose of the department of health regulations is to ensure the Datamaster's accuracy by conducting maintenance reports prior to its use. *See State v. Peters*, 729 S.W.2d 243, 246 (Mo.App. S.D.1987). Finally, the maintenance check must be performed every thirty-five days, regardless of whether the machine has been used to measure blood alcohol content for a driving while intoxicated prosecution. 19 C.S.R. 25–30.031.

Appellant cites *State v. March*, 216 S.W.3d 663 (Mo. banc 2007); *Johnson v. Florida*, 929 So.2d 4 (Fla.App.2005); and *North Dakota v. Campbell*, 719 N.W.2d 374 (N.D.2006), to support his argument that the maintenance report was testimonial. Each of those cases involved a drug offense and the admission of a lab report that was prepared, after the substances were tested, to prove that the substances were in fact drugs. *March*, 216 S.W.3d at 666; *Johnson*, 929 So.2d at 7–8; *Campbell*, 719 N.W.2d at 378. The document at issue in those cases proved an essential element of the State's case and was accusatory.

*Id.* Unlike those cases, the maintenance report in this case did not prove that Appellant's blood alcohol content was above the legal limit, but only that a required maintenance check had been conducted on the machine to ensure that the blood alcohol test results were accurate. Therefore, the report in this case was not accusatory and is unlike the testimonial evidence that *Crawford* intended to exclude. 541 U.S. at 50–52, 124 S.Ct. 1354.

The trial court did not err in admitting the Datamaster maintenance report because a proper foundation was established and because it was not testimonial evidence. The judgment is affirmed.

LYNCH, C.J., BURRELL, P.J., concur.