**Dawoyn LITTLETON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 97012.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 14, 2012.

Matthew Ward, Assistant Public Defender, Office of the Missouri Public Defender, Columbia, MO, for appellant.

Chris Koster, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Dawoyn Littleton ("Littleton") appeals from the motion court's denial of his Rule 29.15[1] motion for post-conviction relief after he waived an evidentiary hearing. Littleton was convicted after a jury trial on ten counts of first-degree robbery, one count of second-degree robbery, and seven counts of armed criminal action. We affirmed Littleton's conviction on direct appeal in *State v. Littleton*, 243 S.W.3d 537 (Mo.App. E.D.2008). Littleton subsequently filed, and the motion court denied, a motion for post-conviction relief alleging his defense counsel at trial was constitutionally ineffective for failing to object to witness testimony on the ground that it violated his rights under the Confrontation Clause. Because Littleton has failed to demonstrate that trial counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, we affirm the judgment of the motion court denying Littleton's Rule 29.15 motion.

*Factual and Procedural History*

This case arises from eleven separate robberies which took place over the course of four months. Viewed in the light most favorable to the verdict at trial, the evidence is as follows.

On September 14, 2003, Littleton stopped a car driven by Jennifer Conway and Heather Overy. Littleton physically assaulted Overy and stole the vehicle. Conway and Overy later identified Littleton as the perpetrator in photo lineups, a physical lineup, and in court. State charged Littleton with two counts of first-degree robbery (Counts 1 and 2).

On October 18, 2003, Littleton robbed Jessica Spears at gunpoint when Spears pulled her car to the side of the road after she experienced car trouble. Spears later identified Littleton in a physical lineup and in court. State charged Littleton with first-degree robbery and armed criminal action (Counts 3 and 4).

On October 25, 2003, Littleton robbed Mildred Goodwin inside her garage. Goodwin identified Littleton in a photo lineup, physical lineup, and in court. State charged Littleton with second-degree robbery (Count 5).

On November 27, 2003, Littleton robbed Danielle Lawson at gunpoint after hitting her vehicle. Lawson identified Littleton in a physical lineup. State charged Littleton with first-degree robbery and armed criminal action (Counts 6 and 7).

On December 4, 2003, Littleton robbed Francine Taylor after hitting her vehicle. Taylor identified Littleton in a photo lineup and a physical lineup. State charged Littleton with first-degree robbery and armed criminal action (Counts 8 and 9).

On December 26, 2003, Littleton robbed Maria Wright at gunpoint after hitting her vehicle. Wright identified Littleton in a photo lineup, physical lineup, and in court. State charged Littleton with first-degree robbery (Count 10).

On December 28, 2003, Littleton robbed Gioia Kaid at gunpoint after hitting her vehicle. Littleton also stole Kaid's vehicle during the robbery. Kaid identified Lit-

---

1. All rule references are to Mo. R.Crim. P. (2008).

tleton in a photo lineup and a physical lineup. State charged Littleton with first-degree robbery and armed criminal action (Counts 11 and 12).

On January 12, 2004, Littleton robbed Doris West at gunpoint as she approached her home. West stated that a photo of Littleton fit the description of the individual who robbed her. West positively identified Littleton in a subsequent physical lineup. State charged Littleton with first-degree robbery and armed criminal action (Counts 13 and 14).

On January 21, 2004, Littleton robbed Marcia Dodd after hitting her vehicle. Dodd identified Littleton in a photo lineup, physical lineup, and in court. State charged Littleton with first-degree robbery (Count 15).

On January 22, 2004, Littleton robbed Norma Galbreath at gunpoint and stole her vehicle. Several days later, police officer Bobbie Garrett observed an individual driving Galbreath's vehicle. Officer Garrett lost sight of the vehicle and could not identify the driver. Officer Garrett subsequently relocated and set up surveillance on the vehicle and observed Littleton walking near the vehicle. As he was watching Galbreath's stolen vehicle, a woman approached Officer Garrett and informed him that Littleton had been driving the vehicle. Officer Garrett subsequently identified Littleton, through a photo, as the individual he had observed near Galbreath's vehicle. Police officers retrieved Galbreath's vehicle and found cigarette butts containing Littleton's DNA inside the vehicle. Galbreath identified Littleton in a photo lineup, physical lineup, and in court. State charged Littleton with first-degree robbery and armed criminal action (Counts 16 and 17).

On January 22, 2004, the same day Littleton robbed Galbreath, Littleton also robbed Kurema Williams. Williams identi-fied Littleton in a photo lineup, physical lineup, and in court. State charged Littleton with first-degree robbery (Count 18).

The State joined all the charges against Littleton and the case was tried before a jury. State intended to present evidence that Littleton's DNA was discovered on cigarette butts recovered by police from Galbreath's stolen car. However, prior to trial, State's technician who performed the DNA testing suffered a medical emergency and was unable to testify. In the technician's place, State intended to offer the testimony of Mary Beth Karr ("Karr"), the technician's supervisor.

Littleton challenged the admissibility of Karr's testimony as improper hearsay in a motion in limine. Littleton did not object to Karr's testimony on Sixth Amendment grounds. During a hearing on Littleton's motion in limine, Karr testified that she reviewed the methods and conclusions of the technician and confirmed that they were correct. Karr testified that her own conclusion that the DNA evidence recovered from the car belonged to Littleton was independent of the technician's conclusion of the same. Karr also testified that, although she did not perform the actual DNA testing, the only difference between what she did and what the technician did was that the technician added the chemicals to break open the cells.

The trial court denied Littleton's motion in limine, stating that Karr's knowledge of the DNA testing and analysis was sufficiently independent of the unavailable technician who drafted the report. During Karr's testimony at trial, Littleton renewed his objection on hearsay grounds. The trial court overruled Littleton's hearsay objection. Karr testified at trial that the DNA recovered in Galbreath's vehicle belonged to Littleton. State did not admit into evidence the actual laboratory report

containing the DNA test findings, nor the technician's analysis.

A jury found Littleton guilty on all counts and the trial court entered a judgment convicting Littleton accordingly. This Court affirmed Littleton's conviction on direct appeal in *State v. Littleton*, 243 S.W.3d 537 (Mo.App. E.D.2008). Littleton subsequently filed a motion for post-conviction relief under Rule 29.15 alleging his trial counsel was ineffective for failing to object on Confrontation Clause grounds to Karr's testimony that Littleton's DNA was found in a stolen vehicle. Littleton waived an evidentiary hearing for his motion. The motion court held that Littleton was offered the opportunity to effectively cross-examine State's witness, and, therefore, trial counsel was not ineffective in failing to object to the evidence on Sixth Amendment grounds. This appeal follows.

*Point on Appeal*

In his sole point on appeal, Littleton argues that the motion court clearly erred in holding that trial counsel was not ineffective in failing to object on Sixth Amendment grounds to Karr's testimony that Littleton's DNA was found in a stolen vehicle.

*Standard of Review*

■■■ Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 29.15; *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010).

*Discussion*

■■■ To obtain relief under Rule 29.15, a movant must show that trial counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is ineffective where his or her performance so undermines the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* at 686, 104 S.Ct. 2052.

■■■ The Sixth Amendment bars the admission in criminal cases of testimonial out-of-court statements where the declarant does not testify, except in cases where the declarant is unavailable and the accused has had a prior opportunity to cross-examine the witness. U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). "[W]hether a criminal defendant's rights were violated under the Confrontation Clause ... is a question of law that this Court reviews *de novo.*" *State v. Clark*, 364 S.W.3d 540, 544 (Mo. banc 2012). *quoting State v. March*, 216 S.W.3d 663, 664–65 (Mo. banc 2007). "Such questions are subject to a harmless error test, which means that a conviction must be overturned unless the error [was] harmless beyond a reasonable doubt. ..." *Id.* (internal quotation omitted).

■■■ The Missouri Supreme Court in *State v. March* affirmed that laboratory reports prepared solely for the purpose of use against the accused in a criminal trial to prove an element of a crime charged are testimonial and subject to Confrontation Clause restrictions. *March*, 216 S.W.3d at 666. Accordingly, it is a violation of an accused's rights under the Confrontation

Clause for a trial court to admit a police laboratory report prepared for the sole purpose of prosecution unless either the author of the document is subject to cross-examination at trial, or the author is unavailable and the accused had a prior opportunity to cross-examine the preparer of the document. *Id.* at 667.

■ We are not persuaded that Littleton's rights under the Confrontation Clause were violated. The facts presented in the record are significantly distinguishable from those facts in *March.* Here, the laboratory report prepared by the absent technician was not admitted into evidence. Instead, the State offered Karr's testimony as to her own findings relating to the DNA identification evidence recovered from Galbreath's vehicle. This distinction is noteworthy because Littleton had the opportunity to cross-examine Karr during a hearing on his motion in limine and again at trial. Had Karr's testimony merely recited the findings presented in the laboratory report, we would have Confrontation Clause concerns as Karr would be testifying as to findings made by a technician who was not available to the accused for cross-examination. But such is not the case here. Instead, Karr's testimony was based on her personal knowledge of the DNA testing and results. Karr specifically testified that the conclusions she made regarding the DNA found in Galbreath's vehicle were independent of the findings of the technician who drafted the laboratory report, and of the report itself. As recent-ly noted by the U.S. Supreme Court, the Confrontation Clause, as interpreted in *Crawford,* bars only testimonial statements by declarants who are not subject to cross-examination. *Williams v. Illinois,* —— U.S. ——, 132 S.Ct. 2221, 2238, 183 L.Ed.2d 89 (2012). Given the facts before us, we find no Sixth Amendment Confrontation Clause violation. Any objection that trial counsel may have made to the admission of Karr's testimony would have been without merit. Failure of trial counsel to make a non-meritorious objection does not constitute ineffective assistance of counsel. *Barnes v. State,* 334 S.W.3d 717, 723 (Mo. App. E.D.2011).

### Conclusion

Littleton has failed to demonstrate that his trial counsel did not conform to the degree of skill, care, and diligence of a reasonably competent attorney when failing to object on Confrontation Clause grounds to the admission of Karr's DNA testimony. Accordingly, we affirm the judgment of the motion court denying Littleton's motion for post-conviction relief.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., Concur.