

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,          )
                                         )

    Plaintiff-Respondent,     )
                                         )

v.                                )        No. SD34346
                                         )

RONELL M. COOPER,       )        **Filed:  Jan. 31, 2017**
                                         )

    Defendant-Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Dan W. Imhof

## REVERSED AND REMANDED

Ronell M. Cooper ("Defendant") was convicted after a bench trial of third-degree domestic assault for causing physical injury to S.A ("Victim") "by grabbing and twisting her wrist[.]" *See* section 565.074.[1]  Victim did not testify at Defendant's trial.  In a single point, Defendant asserts that the admission of Victim's out-of-court statements to police

---

[1] Section 565.074 provides, in pertinent part:

1. A person commits the crime of domestic assault in the third degree if the act involves a family or household member, including any child who is a member of the family or household, as defined in section 455.010 and:

   (1)  The person attempts to cause or recklessly causes physical injury to such family or household member[.]

Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2012.

violated his constitutional right to confront the witnesses against him.[2]  Finding merit in this claim, we reverse and remand.

## Applicable Principles of Review and Governing Law

As relevant here, the Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]"  U.S. Const. amend. VI. Missouri's constitution provides the same right.  Mo. Const. art. 1, sect. 18(a); *State v. Schaal*, 806 S.W.2d 659, 662 (Mo. banc 1991).

Whether a defendant's confrontation rights were violated is a question of law that we review *de novo*.  *State v. March*, 216 S.W.3d 663, 664-65 (Mo. banc 2007). "Properly preserved confrontation clause violations are presumed prejudicial[,]" *State v. Justus*, 205 S.W.3d 872, 881 (Mo. banc 2006), and any resulting conviction may only be upheld if the violation was harmless beyond a reasonable doubt, "meaning that there is no reasonable doubt that the error . . . failed to contribute to the [trial court]'s verdict." *March*, 216 S.W.3d at 667 (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)).

---

[2] The State did not file a brief.  The following observation is equally applicable in this case:

> The prosecuting attorney, who represents the state in misdemeanor appeals [*see* section 56.060.1], has not filed a respondent's brief, although the allotted time for him to do so is long past.  It would seem that if the state was serious enough about this case to prosecute it, it would be serious enough to try and justify the conviction, instead of leaving to us the task of analyzing defendant's arguments without the benefit of the state's point of view.  Although there is no penalty prescribed for failure of the respondent state to file a brief after appeal of a conviction in a criminal case, we cannot understand why a prosecutor would neglect his statutory duty to see that the state was adequately represented through the entire criminal proceeding.

*State v. Harrington*, 679 S.W.2d 906, 907 (Mo. App. S.D. 1984).

## The Evidence

The State's misdemeanor information alleged that on or about September 25, 2014, Defendant "recklessly caused physical injury to [Victim] by grabbing and twisting her wrist, and [Victim] and [D]efendant were family or household members in that [Victim] and [D]efendant were adults who were related by blood." The only witnesses at Defendant's trial were Springfield Police Department officers Eric Rogers ("Officer Rogers"), Patrick Lightwine ("Officer Lightwine"), and Alberto Estrada ("Corporal Estrada"). Of these witnesses, only Officer Rogers testified about what Victim told the police, and his testimony was as follows.

Sometime after 10:00 p.m. on September 25, 2014, Officer Rogers was dispatched to a residential address to investigate an assault call. Upon being admitted to the residence, he spoke with Victim. Victim was crying, she was holding her right arm against her body, and she had a swollen lip. Officer Rogers said he asked Victim about "what had happened" to her. When the prosecutor asked him what Victim said, defense counsel objected that any responses would constitute hearsay and would violate Defendant's "right to confrontation under the Sixth Amendment of the United States Constitution, and . . . Article I, Section 18(a) of the Missouri Constitution." The prosecutor responded that the testimony was admissible under the "excited utterance" exception to the hearsay rule and that it would not implicate the Confrontation Clause because Victim's statements were not testimonial. After some discussion, the trial court ultimately overruled defense counsel's objection and then allowed defense counsel to have a continuing objection "to all the statements [of Victim]"

Officer Rogers then proceeded to testify that, according to Victim, Defendant had forced open her front door and said he was there "to get [his] stuff." Victim tried to stop him, but Defendant pushed past her and ran toward a bedroom where he then began to throw the contents of a closet onto the floor. The prosecutor asked Officer Rogers about whether Victim had explained how her arm had been injured. Officer Rogers replied:

> Yes. I -- after -- I'd have to refer to my report to the exact -- but it was -- after he had pushed her initially into the hallway -- or to the doorway that led to the hallway from the bedroom, and -- she was able to get up. She had a -- she called it a dolphin lamp -- I assumed it was a lamp that -- that looked like a dolphin -- in her hand, and she also had a hammer in her hand. Went back to her -- or went back to him and at that point was again telling him to stop going through the stuff. He turned around, grabbed her by the right arm, twisted it, and -- and then flung her up against the -- onto the bed. And then once onto the bed -- and that's when she's claiming that her shoulder and her wrist was hurt, whenever he grabbed her right arm and twisted it and flung her onto the bed. That's when she told me that that's what caused the injury to her shoulder and her right wrist.

On cross-examination, Officer Rogers testified as follows:

Q. You put all the information she told you into a report; right?

A. Right.

Q. Why were you asking her about -- you were asking her these things so that you could document it in your report; correct?

A. Correct.

Q. And you do the report so that they could be used in court later on, in circumstances just like today; right?

A. Correct.

Officer Lightwine had been dispatched to Victim's residence around the same time as Officer Rogers. When the officers arrived, Defendant was standing outside the front of the residence. Defendant was eventually arrested, and Corporal Estrada later

spoke with him at the Greene County jail after Defendant was advised of his *Miranda* rights.[3] Defendant claimed that he had entered Victim's residence after being invited inside. He claimed that an argument ensued, and Victim pushed him against a kitchen sink, threw a pot of hot water at him, and chased him with a hammer. In his statement to Officer Lightwine, Defendant claimed that he "restrained" Victim, but Defendant otherwise "didn't really go into great detail . . . about it." According to Corporal Estrada, "there was a -- kind of a struggle over the hammer, and apparently -- he claims that she might have been hit in the mouth with the hammer." Both Officer Lightwine and Corporal Estrada saw scratch marks on one or both of Defendant's arms, but neither observed any burn marks.

Corporal Estrada testified that he spoke with Victim the day after the date of the charged crime. At that time, her arm was in a "Velcro-type cast," and she had a "laceration or a swollen lip." The trial court sustained defense counsel's objections to any testimony from Corporal Estrada regarding: (1) statements Victim had made to Corporal Estrada; and (2) Victim's medical records.

Additional background necessary to the disposition of Defendant's point is included below as we address his point on appeal.

### Analysis

Defendant claims the trial court erred in overruling defense counsel's objection to Officer Rogers' testimony "that he was told by [Victim] that her injuries were caused by [Defendant]'s twisting her arm and flinging her on the bed" because this "testimonial hearsay" violated his right to confrontation. We agree.

---

[3] *See **Miranda v. Arizona***, 384 U.S. 436 (1966).

The Supreme Court of the United States has held that the Confrontation Clause prohibits "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006); *see also March*, 216 S.W.3d at 665 (noting that *Crawford* "divorced the hearsay exceptions from the Confrontation Clause analysis").

"The Confrontation Clause analysis thus centers on whether the particular evidence at issue is 'testimonial' in nature." *Glass v. State*, 227 S.W.3d 463, 472 (Mo. banc 2007).[4] In dealing with statements made during a police interrogation, the Supreme Court has provided the following guidance:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822; *see also State v. Kemp*, 212 S.W.3d 135, 148 (Mo. banc 2007) ("*Davis* provides a functional analysis for determining whether an out-of-court statement is testimonial and, thus, subject to the Confrontation Clause restrictions of *Crawford*").

Applying such an objective view here causes us to conclude that the primary purpose of Officer Rogers's interrogation of Victim was not to assist in an ongoing

---

[4] For this reason, the "excited utterance" exception to the hearsay rule is not relevant to the resolution of this appeal.

emergency (at that point, Defendant (the only suspect) had been identified at the scene, questioned by Officer Lightwine, and arrested) but, instead, to investigate a possible crime. Further, Officer Rogers expressly admitted that he asked Victim about "what *had* happened" (emphasis added) for the purpose of gathering information to be used in a criminal prosecution. *Cf. Davis*, 547 U.S. at 830 (noting that the investigating officer in *Hammon v. Indiana* (the companion case to *Davis*) "was not seeking to determine . . . 'what is happening,' but rather 'what happened'"). As a result, we find that Victim's out-of-court statements were "testimonial" as defined in *Davis*.

The record does not indicate (and we have nothing from the State claiming) that Victim was unavailable to testify and that Defendant had a prior opportunity to cross-examine her. We therefore find that the admission of Victim's testimonial, out-of-court statements violated Defendant's rights under the Confrontation Clause. *See Crawford*, 541 U.S. at 53-54. Such a violation requires reversal unless the State demonstrates that the admission of Victim's testimonial statements was harmless beyond a reasonable doubt.[5] *See March*, 216 S.W.3d at 667.

Here, the trial court had to find that Defendant caused injury to Victim "by grabbing and twisting her wrist" in order to find him guilty of third-degree domestic assault as charged. In explaining its ruling, the trial court stated:

> It is a little problematic knowing at what point I should stop using her statements, but I think I -- I don't have a bit of a problem with her -- with considering it an excited utterance for her to have said that -- that her arm was hurt and that he did that. Even if I'm going too far by saying he did that, he says he did it.

There are two problems with the trial court's rationale. First, as earlier noted, whether the referenced statement by Victim would qualify as an "excited utterance" exception to

---

[5] By failing to file a brief, the State has presented us with no such argument.

the hearsay rule is not relevant to an alleged violation of the Confrontation Clause. Second, neither Officer Lightwine nor Corporal Estrada testified that Defendant said he "did it." Rather, they testified that, in Defendant's words, he had "restrained" Victim and that there had been "a struggle over the hammer[.]"

The only evidence that Defendant himself *caused* the injury to Victim's arm by grabbing and twisting her wrist was Victim's statement to that effect in response to Officer Rogers's question about what had happened. The erroneous admission of this statement that the trial court then relied on in finding Defendant guilty of the charged crime was not harmless beyond a reasonable doubt. *Cf.* **March**, 216 S.W.3d at 667 (holding that the admission of a laboratory report in violation of the Confrontation Clause was not harmless because it was the only evidence offered to prove an element of the charged crime).

Defendant's point is granted. The judgment is reversed, and the case is remanded.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS