**STATE of Missouri, Respondent,**

v.

**Recardo R. GRAHAM, Appellant**

**ED 104712**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

FILED: September 19, 2017

---

Samuel E. Buffaloe, for Appellant.

Joshua D. Hawley and Mary H. Moore, for Respondent.

Gary M. Gaertner, Jr., Presiding Judge

## Introduction

Recardo R. Graham (Defendant) appeals from a sentence and judgment of conviction for assault in the second degree and aimed criminal action. He argues on appeal that the trial court erred in excluding evidence in violation of the rule of completeness. We affirm.

## Background

The State charged Defendant as a prior and persistent offender with one count of first-degree assault and one count of armed criminal action stemming from an incident on October 14, 2014, when Defendant shot Leodis Tucker (Victim), inflicting serious physical injury, The following evidence was adduced at the 2016 trial, viewed in the light most favorable to the verdict.[1]

Defendant was formerly in a relationship with Andrea Evans (Evans) and is the father of her adult children, and Victim is Evans' current boyfriend. Victim testified to the following. Victim and Defendant knew each other, and while they had not had specific problems in the past, Defendant did not like Victim to come to the home Evans shares with her and Defendant's daughter and grandchildren. Early in the morning of October 14, 2014, Evans arrived at Victim's house shortly after midnight, and Victim informed Evans her adult son, Jared Graham (Graham), had been trying to reach her by telephone. Evans called Graham and about fifteen minutes later, Graham and Defendant arrived at Victim's house in a pickup truck. Both men exited the vehicle, and Graham and Evans began arguing in Victim's driveway. Victim, who was standing on his porch, asked them to leave. Defendant moved to the driver's seat of the truck and backed the truck out of Victim's driveway, but he remained parked in front of Victim's house. Graham approached Defendant in the truck stating, "Dad, give me that thing." Victim looked at Defendant and saw a flash of gunfire coming from the driver's side of the truck, and at the same time he felt a bullet strike his elbow. Defendant sped away in the truck.

Evans also testified that she witnessed Defendant shoot Victim after stating, "I don't like that MF no way." Immediately after Defendant shot Victim, Evans heard Graham exclaim, "Daddy, why did you shoot?" and "Daddy, why did you do that?" Similarly, Victim's neighbor testified to the following. He witnessed a truck pull into Victim's driveway, and a younger man and an older man exited the truck. The older man was carrying a gun in his hand. The older man reentered the truck and moved it to the sheet, and then the neighbor heard a gunshot come from the truck, after which the truck drove away.

The State introduced a short excerpt of a February 27, 2016, recorded conversation between Graham and Defendant while Defendant was incarcerated and awaiting

---

1. State v. Twitty, 506 S.W.3d 345, 346 (Mo.     banc 2017).

trial in the St. Louis County jail, as follows.

> Defendant: And your momma said I stood outside the truck and fired the shot.
>
> Graham: Man, I don't—
>
> Defendant: I shot him from inside the truck.

In response, Defendant introduced a different excerpt from the same recording in which he stated, "we ain't shot. nobody."

Defendant also sought to admit excerpts from a different conversation recorded on December 3, 2015, also between Defendant and Graham at the St. Louis County jail (the December 3rd recording). The trial court excluded the December 3rd recording as inadmissible hearsay. The trial court clarified that under the rule of completeness, Defendant could introduce mitigating portions of the same February 27th conversation for the purpose of giving context, but he could not introduce portions of different conversations because the State's excerpt from a single recording did not "open[] the door to every single jail phone call made by your client." Defendant made an offer of proof for the December 3rd recording, which included the statement: "See, they didn't check my hands for any powder burns. Like I said, if they would have did that, they could have seen that, you know, we didn't have no gun, we didn't fire no gun."

The jury found Defendant guilty of the lesser-included offense of assault in the second degree and armed criminal action. The trial court sentenced Defendant to fifteen years in the Missouri Department of Corrections. This appeal follows.

## Discussion

### Point I

■ In his sole point on appeal, Defendant argues the trial court erred in excluding the December 3rd recording, because it provided necessary context for the February 27th recording in which Defendant made a statement that could be construed as a confession, and it would have shown that the February 27th statement was not a confession. We disagree.

■ Trial courts have broad discretion to admit or exclude evidence during a trial, and we review the trial court's decisions for a clear abuse of that discretion. State v. Williams, 97 S.W.3d 462, 468 (Mo. banc 2003). Moreover, this Court reviews for prejudice, not mere error, and we reverse only where the error was so prejudicial that it deprived the defendant of a fair trial. State v. Jackson, 313 S.W.3d 206, 210 (Mo. App. E.D. 2010).

At trial, the State submitted a portion of a jail recording in which Defendant stated, "I shot [Victim] from inside the truck." In response, Defendant submitted another statement from the same jail conversation in which he stated, "we ain't shot nobody," and he also sought unsuccessfully to introduce a statement from a different jailhouse conversation recorded on December 3rd, nearly three months earlier, in which he stated, "[s]ee, they didn't check my hands for any powder burns. Like I said, if they would have did that, they could have seen that, you know, we didn't have no gun, we didn't fire no gun."

■ Defendant argues on appeal that the trial court's exclusion of the December 3rd recording violated the rule of completeness. The rule of completeness provides that when either party introduces part of an act, occurrence, transaction, or statement, the opposing party may introduce or inquire into other portions of the whole in order to rebut adverse inferences that "might arise from the fragmentary or incomplete character of the evidence introduced by his adversary." State ex. rel.

Kemper v. Vincent, 191 S.W.3d 45, 50 (Mo. banc 2006); Jackson, 313 S.W.3d at 211. In short, the purpose of the rule is to ensure no party admits portions of an exhibit out of context. State v. Ellis, 512 S.W.3d 816, 826 (Mo. App. W.D. 2016).

Nevertheless, the rule of completeness does not allow for the unfettered admission of any and all statements. Different statements made at different times than the admitted statement are not admissible under the rule of completeness. See State v. Chambers, 891 S.W.2d 93, 103 (Mo. banc 1994). In Chambers, the State introduced Chambers' statement in which he admitted to committing the crime but asserted self-defense. Chambers then sought to introduce a statement he had made thirty-six hours earlier in which he denied any involvement in the crime. Id. at 103. The Missouri Supreme Court held that Chamber's could not "link these two statements into one" to invoke the rule of completeness, but rather, because the two statements were distinct, the rule of completeness did not apply. See id. Likewise, as in Chambers, Defendant here seeks to link the statements made in the December 3rd conversation to the ones made in the February 27th conversation to argue they were a continuation of the same conversation and thus admissible under the rule of completeness. This argument fails on its face. The two conversations, occurring nearly three months apart, were distinct, and the trial court did not err in finding the rule of completeness did not apply. Moreover, the trial court's exclusion of the December 3rd recording did not prejudice Defendant, because he was able to give context to the State's incriminating evidence through other parts of the February 27th recording in which he denied shooting anyone. See Jackson, 313 S.W.3d at 210.

Because the rule of completeness did not apply in this situation, the trial court did not abuse its discretion in excluding the December 3rd recording as inadmissible hearsay. A hearsay statement is any out-of-court statement offered to prove the truth of the matter asserted, and it is generally not admissible. Chambers, 891 S.W.2d at 102-03. Here, Defendant's out-of-court statement that the police did not test his hands for gunpowder residue and if they had they would have discovered he did not fire a gun, was clearly offered to prove that he did not fire the gun, and, accordingly, was inadmissible hearsay.

Point denied.

### Conclusion

The judgment of the trial court is affirmed.

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.