

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110405 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 2011-CR04101-01 |
| | ) | |
| OSCAR GARNER, | ) | Honorable Deborah J. Alessi |
| | ) | |
| Appellant. | ) | Filed: June 27, 2023 |

## Introduction

A trial jury found Appellant Oscar Garner guilty of first-degree robbery, armed criminal action, unlawful possession of a firearm, and felony resisting arrest. On appeal, Garner argues the trial court erred in admitting into evidence a Ring surveillance video not disclosed by the State until four days before trial. Garner also claims the trial court erred in denying defense counsel's request to replace a juror with an alternate. We affirm the trial court's judgment.

## Background

### *Factual Background*

This Court reviews the evidence in the light most favorable to the verdict. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo. banc 1998).

On the afternoon of October 28, 2020, Garner entered American Cleaners on First Capitol Drive in St. Charles and told the employee, "I'm here to rob you. I have a gun and I will

shoot you." Garner then came behind the counter, put the gun against the employee's side, and told her to empty the register. Garner took the cash and ran out the door.

Witness Krista Brown was parked in front of the cleaners, saw the robbery, and immediately called the police. She described Garner's clothing and that he was wearing a surgical mask. Brown followed Garner in her car as he ran through the parking lot of an adjacent gas station and disappeared behind an Imo's Pizza restaurant a few buildings away.

Police officers quickly arrived on the scene and began searching the neighborhood behind the cleaners and the Imo's. As Officer Ryan Nacke was driving down St. Charles Avenue directly behind the businesses, Garner ran across the street in front of his vehicle and away from the cleaners. The dashcam video from Officer Nacke's police vehicle captured Garner running across St. Charles Avenue.

Shortly thereafter, Garner was apprehended by other officers a few blocks from where Officer Nacke saw him. The officers found a large amount of cash and a Winchester .25 caliber round in Garner's pocket. A canine unit searched the area where Garner fled and found more cash, a handgun loaded with matching Winchester .25 caliber rounds, and a surgical mask with Garner's DNA on it. Krista Brown identified Garner as the robber.

Detective Kevin Euton collected a Ring surveillance video from a resident of St. Charles Avenue. The video showed Garner running across St. Charles Avenue in front of Officer Nacke's vehicle.

*Procedural Background*

Garner was charged as a persistent offender with first-degree robbery, armed criminal action, unlawful possession of a firearm, and felony resisting arrest. His trial was set for January

2

10, 2021. On November 20, 2020, defense counsel requested discovery from the State pursuant to Rule 25.03.[1]

Approximately a week before trial, Detective Euton rediscovered the Ring video on his phone and forwarded it to the prosecutor's office. Detective Euton had not properly entered the video into evidence. On January 6, 2021, the State disclosed the Ring video to defense counsel. On January 9, 2021, defense counsel filed a motion to exclude the video as untimely disclosed in violation of Rule 25.03 and his constitutional rights. In the alternative, defense counsel requested a continuance. The trial court held a hearing and denied Garner's motion. The video ultimately was admitted into evidence at trial as State's Exhibit 15, over defense counsel's objection.

After jury selection, but before the jury was sworn, Juror 48 approached the trial court. The court called defense counsel and the prosecutor to the bench and had the following exchange with Juror 48:

> JUROR 48: I don't think I'll be able to sit here and do this for two days. And my work is shorthanded with COVID and I need to go back to work.
>
> THE COURT: Why are you just telling us now?
>
> JUROR 48: Because I just found out a little while ago.
>
> THE COURT: Well, this could be three, possibly four days.
>
> JUROR 48: I'm not going to be able to do it, I'm sorry, another trial some other time.
>
> THE COURT: Well, I need to understand why, though, I need to understand.
>
> JUROR 48: The time span is not great on doing something like this.
>
> THE COURT: Okay. But that's something that you just found out, so I need to find out what is really going on.
>
> JUROR 48: Well, that's it. I'll try to do it. If you want me to do it I'll try to do it. But I will also need to get back to work. …

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

The trial court asked whether either counsel had any questions, and both declined. Defense counsel did not move to strike Juror 48 or otherwise object to his qualifications to serve on the jury.

At the close of evidence, defense counsel nonetheless moved to replace Juror 48 with an alternate juror because Juror 48's previous exchange with the court suggested he had a "bad attention span." In response, both the trial court and the State expressed that they watched Juror 48 during the trial and observed that he paid attention to all the testimony and evidence. The court denied the motion. Garner reiterated that the trial court should have replaced Juror 48 in his motion for new trial, which the trial court also denied.

The jury found Garner guilty as charged, and the trial court sentenced him to a total of 45 years in prison. Garner appeals.

## Discussion

Garner raises two points on appeal. In his first point, Garner claims the trial court abused its discretion by admitting State's Exhibit 15, the Ring surveillance video, because the State failed to disclose the video until less than a week before trial. In his second point, Garner asserts the trial court abused its discretion in denying Garner's request to replace Juror 48. We affirm the judgment of the trial court.

### _Point I_

Garner argues the trial court abused its discretion in admitting State's Exhibit 15 because the State's late disclosure of the Ring video violated Rule 25.03 and his rights to due process and a fair trial. He maintains the trial court should have excluded the video as a discovery sanction pursuant to Rule 25.18.

Rule 25.03 governs which documents and materials the State must disclose to defendants prior to trial, and the trial court has discretion to impose discovery sanctions for failure to comply. *State v. Taylor*, 944 S.W.2d 925, 932 (Mo. banc 1997). Rule 25.18 governs discovery sanctions. It states in pertinent part:

> If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule ..., the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances.

"In reviewing criminal discovery claims, this Court will overturn the trial court only if it appears that the trial court abused its discretion." *State v. Taylor*, 298 S.W.3d 482, 502 (Mo. banc 2009). When there is a discovery violation, "[a] trial court's denial of a requested sanction is an abuse of discretion only where the admission of the evidence results in fundamental unfairness to the defendant." *State v. Zuroweste*, 570 S.W.3d 51, 56 (Mo. banc 2019) (quoting *Taylor*, 298 S.W.3d at 502). "Fundamental unfairness exists where there is a reasonable likelihood that the failure to disclose the evidence affected the result of the trial." *State v. Edwards,* 116 S.W.3d 511, 534 (Mo. banc 2003).

Garner argues Exhibit 15, the Ring video, was crucial to the State's case and prejudicial to Garner because it was the only evidence linking the person who robbed American Cleaners to Garner, who was arrested several blocks away. Garner's premise is incorrect.

The duration of the video is just over one minute, of which Garner is visible for less than ten seconds. The video shows Garner run across St. Charles Avenue and out of view. Officer Nacke's vehicle also is seen driving down St. Charles Avenue and stopping as Garner crosses the street.

The same events depicted in Exhibit 15 also are depicted in the dashcam video from Officer Nacke's vehicle, only from the opposite vantagepoint. Officer Nacke also testified to witnessing Garner run away from the Imo's Pizza restaurant and across St. Charles Avenue. Further, the State adduced a map showing Garner's path and the location where Officer Nacke saw him cross St. Charles Avenue. The dashcam video, Officer Nacke's testimony, and the map were admitted without objection.

Regardless, Garner's identity was no mystery. Among other evidence, Garner was apprehended with a large amount of cash and a round of ammunition matching the ammunition in the discarded .25 caliber pistol, his DNA was found on the discarded surgical mask, and witness Krista Brown identified Garner as the robber at trial.

"A complaining party is not entitled to assert prejudice if the challenged evidence is cumulative to other related admitted evidence." *State v. Brandolese*, 601 S.W.3d 519, 536 (Mo. banc 2020). Quite simply, evidence that is cumulative of other, properly admitted evidence cannot have contributed to a defendant's conviction and is harmless beyond a reasonable doubt. *Id.* (quoting *State v. Davidson*, 242 S.W.3d 409, 418 (Mo. App. E.D. 2007)); *see also State v. Reichert*, 854 S.W.2d 584 (Mo. App. S.D. 1993) (holding sanctions not warranted for State's failure to disclose photographs of defendant that were merely cumulative of witness testimony and other evidence).

For these reasons, Garner has failed to demonstrate a reasonable likelihood that the late disclosure of the Ring video and its admission at trial affected the result of the trial.[2] *See Taylor*, 298 S.W.3d at 502; *Edwards,* 116 S.W.3d at 534. Point I is denied.

---

[2] Garner also appears to argue that the trial court abused its discretion in denying his alternative request for a continuance, but that argument is not captured in any point relied on. *See* Rule 84.04(d); *State v. Gilbert,* 628 S.W.3d 702, 713 (Mo. App. W.D. 2021) ("We do not consider arguments raised in the argument portion of the brief that were not encompassed in the points relied on.") (internal quotations and alterations omitted). Even if we were to

In his second point, Garner argues the trial court abused its discretion by failing to replace Juror 48 with an alternate juror. He suggests Juror 48's statements bely a short attention span, and his presence on the jury deprived Garner of his constitutional rights to a fair trial and an impartial jury.

Substitution of a juror during trial is a matter entrusted to the trial court's discretion. *State v. Rycraw*, 507 S.W.3d 47, 55 (Mo. App. E.D. 2016). This Court will not disturb a trial court's ruling regarding the substitution of a juror absent an abuse of that discretion. *Id.* "The trial court is in the best position to determine a juror's ability to effectively discharge his or her duties." *State v. Rose*, 169 S.W.2d 132, 134 (Mo. App. E.D. 2005).

Garner acknowledges that defense counsel did not challenge Juror 48 before the jury was sworn, but maintains he preserved the issue for appeal in his motion for new trial. "When the defendant is aware of facts which would sustain a challenge for cause, he must present his challenge during the voir dire examination or prior to the swearing of the jury, otherwise, the point is waived." *State v. Marr*, 499 S.W.3d 367, 376 (Mo. App. W.D. 2016) (quoting *State v. Goble*, 946 S.W.2d 16, 18 (Mo. App. S.D. 1997)). "The rule requiring contemporaneous objections to the qualifications of jurors is well founded. It serves to minimize the incentive to sandbag in the hope of acquittal and, if unsuccessful, mount a post-conviction attack on the jury selection process." *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991).

---

get to the merits of that argument, Garner has not explained on appeal how a continuance would have changed the result at trial. *See Zuroweste*, 570 S.W.3d at 62 (concluding mere claim that a continuance could have allowed for further investigation that may have created a different result at trial is insufficient to demonstrate a reasonable likelihood discovery violation affected result of trial); *see also State v. Benedict*, 319 S.W.3d 483, 488 (Mo. App. S.D. 2010) (holding defendant's argument that he "*might* have found a defense to the evidence" if given a continuance is insufficient to show prejudice from late disclosure of cumulative evidence) (emphasis in original).

Here, defense counsel did not contemporaneously move to strike Juror 48 or otherwise object to his being seated on the jury. Instead, counsel waited until the close of evidence to raise any concern. Even then, defense counsel's objection was based only on Juror 48's previous statements, not any additional statements or conduct during the trial. For these reasons, Garner's challenge to Juror 48 is waived. *See Marr*, 499 S.W.3d at 376.

Garner alternatively asks this Court to review for plain error pursuant to Rule 30.20. Because the record does not reveal any evident, obvious, or clear error, we decline to exercise our discretion to review for plain error. *See Brandolese*, 601 S.W.3d at 526.

The record is undisputed that Juror 48 paid attention to the evidence at trial. Missouri courts consistently have held that a trial court does not abuse its discretion by refusing to remove a juror for a lapse of attention at trial, let alone a prediction of a "bad attention span" that does not materialize at trial. *See Rycraw*, 507 S.W.3d at 56; *State v. Williams*, 427 S.W.3d 259, 264 (Mo. App. E.D. 2014); *State v. Whitman*, 788 S.W.2d 328, 337 (Mo. App. E.D. 1990).

Point II is denied.

## Conclusion

We affirm the judgment of the trial court.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

8