

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38300
)
) Filed: **August 26, 2024**
)
JAMES L. LANCASTER, )
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Judge

### <u>AFFIRMED</u>

James L. Lancaster ("Defendant") appeals his conviction for third-degree domestic assault, §565.074[1]. In his sole point on appeal, Defendant contends that the trial court erred in admitting into evidence a portion of a home surveillance video that captured the assault of Victim, instead of admitting "the complete video, depicting all of the events that [Victim] claimed happened that morning," thereby violating the rule of completeness. Finding no error, we affirm.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Victim and Defendant were in a relationship and lived together with their three children. One of the children slept in a crib in their shared bedroom. A constantly recording security camera was set up on the wall to monitor the crib.

On April 16, 2022, Defendant woke up frustrated because his clothes, which had been folded by Victim and placed in a laundry basket, were not put away. Defendant got angry and threw the basket towards the crib. Victim was on the floor, and Defendant threw a sheet on top of her and punched her multiple times in the face. The assault left a medium-sized bruise on Victim's forehead. After punching Victim, Defendant walked back to his side of the bed, screaming and yelling. Defendant then left for work. Defendant later called Victim and told her that "he was going to come home and finish things."

Victim realized the assault had been recorded on the camera that Defendant had set up in their bedroom. Victim found the footage of the assault and recorded it on her phone.

An Officer arrived and took photos of Victim's injuries. Victim showed Officer the video of the assault, and Officer recorded it on his phone. While Officer recorded the video, Victim told Officer that Defendant admitted to hitting her but that no one was going to believe her.

Defendant was charged with third-degree domestic assault under §565.074. Defendant waived his right to a jury trial and proceeded with a bench trial. At trial, the State admitted, over Defendant's objection, the video of the assault recorded by Officer. The video footage did not include audio. The footage depicts the assault starting from just before Defendant picked up the laundry basket and slammed it next to the crib and ending when Victim and Defendant exited the

bedroom. The footage shows Defendant throwing a sheet on top of Victim and standing over her while his right arm makes a punching motion towards her.

Defendant objected to the admission of the video on grounds that it was "incomplete." Defendant argued that the State was required to produce "the remainder of the video," "starting at the beginning of the day." The State responded that the "whole incident" was captured by the video, which was a "complete, accurate depiction of the actual incident." The trial court admitted the exhibit.

The trial court found Defendant guilty of third-degree domestic assault, and sentenced Defendant to four years in the Missouri Department of Corrections under §559.115. This appeal followed.

## STANDARD OF REVIEW

"The decision whether to admit proffered evidence is left to the broad discretion of the trial court." *State v. Marshall*, 410 S.W.3d 663, 671 (Mo. App. S.D. 2013) (citing *State v. Clark,* 197 S.W.3d 598, 599 (Mo. banc 2006)). This Court only finds error when that decision is determined to be an abuse of discretion. *State v. Jackson-Bey*, 690 S.W.3d 181, 184 (Mo. banc 2024). A trial court abuses its discretion where its decision is "clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *State v. Carpenter*, 605 S.W.3d 355, 359 (Mo. banc 2020) (quoting *Cox v. Kan. City Chiefs Football Club, Inc.,* 473 S.W.3d 107, 114 (Mo. banc 2015)). Even where the trial court abused its discretion, this Court will only reverse if the error was so prejudicial that it deprived the defendant of a fair trial. *Jackson-Bey*, 690 S.W.3d at 184.

## ANALYSIS

"The rule of completeness provides that, when 'either party introduces part of an act, occurrence, or transaction, the opposing party is entitled to introduce or to inquire into other parts of the whole thereof in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary ....'" *Jackson-Bey*, 690 S.W.3d at 184–85 (citing *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 50 (Mo. banc 2006)). This rule ensures no evidence is admitted out of context. *State v. Marshall*, 410 S.W.3d 663, 672 (Mo. App. S.D. 2013) (quoting *State v. Jackson*, 313 S.W.3d 206, 211 (Mo. App. E.D. 2010)).

Two conditions must be met for the rule of completeness to apply: (1) "the item sought to be introduced is part of a greater whole" and (2) "[t]he parts introduced to complete the whole …. relate to the same subject matter as that which has been admitted." *State v. Ellis*, 512 S.W.3d 816, 826 (Mo. App. W.D. 2016) (quoting 22 Andrea Bell, Missouri Practice, Missouri Evidence §106:1 (4th ed. 2012)). The rule of completeness does not allow for "unfettered admission of any and all statements." *State v. Graham*, 529 S.W.3d 363, 367 (Mo. App. E.D. 2017). Generally, the rule of completeness is only violated when admission of the statement in an edited form distorts the meaning of the statement or excludes information which is *substantially* exculpatory to the declarant. *Ellis*, 512 S.W.3d at 827–28.

Defendant does not demonstrate that any additional video he seeks to introduce is "part of a greater whole." *Ellis*, 512 S.W.3d at 826. The charge of third-degree domestic assault alleged that Defendant "knowingly caus[ed] physical pain to Victim by punching her in the face." State's Exhibit 1 depicts the entirety of the acts for which Defendant was charged. The video shows Defendant slamming a laundry basket down next to a crib, then approaching Victim, who

4

was sitting on the floor next to the bed. Defendant throws a sheet on top of her, and stands over her while making a punching motion with his right arm.

Defendant does not argue that the video does not show the entire assault. Instead, Defendant alleges that "the complete video, depicting all of the events that [Victim] claimed happened that morning, was required" because Victim's testimony was inconsistent "on the core matter of being struck" and the "complete" video was necessary to weigh Victim's credibility.

Viewing the evidence in a light most favorable to the verdict,[2] Victim's testimony was consistent. At trial, Victim testified that Defendant was angry that his clothes were not put away; that Defendant threw the laundry basket toward the crib; that Defendant threw a sheet on top of Victim; and that Defendant punched Victim in the head "multiple times."

Defendant does not allege that any substantially exculpatory information might be included in the additional video. In fact, Defendant only speculates as to what *might* have been shown in such additional video. Defendant does not seek to admit additional evidence for context or to rebut any adverse inferences. Defendant seeks only to impeach the Victim's credibility as a whole. Information introduced solely to impeach the Victim's credibility is not "related to the same subject matter" as the video depicting the assault. While seeking evidence for impeachment is a permissible inquiry, it is not triggered by the rule of completeness, particularly when there is no dispute that the entirety of Defendant's charged conduct is captured on the admitted video.[3]

---

[2] *State v. Wood*, 597 S.W.3d 405, 407 (Mo. App. S.D. 2020) (citing *State v. Brown*, 360 S.W.3d 919, 922 (Mo. App. W.D. 2012)).

[3] Defendant's only point on appeal is directed at the trial court's error in overruling his objection under the rule of completeness. Defendant does not challenge the sufficiency of the evidence to support his conviction. Further, Defendant does not challenge whether the State had the obligation to produce the entirety of the surveillance video during discovery, or articulate why such evidence was not obtained by Defendant through the discovery procedures available to him. As such, this Court will not address those issues.

The Supreme Court of Missouri's decision in ***Jackson-Bey*** does not compel a different conclusion. In ***Jackson-Bey***, the state introduced surveillance video from motion-detected security cameras that did not record continuously but in 30-second increments. ***Jackson-Bey***, 690 S.W.3d at 184–85. The Court held that the rule of completeness did not apply as there was no "greater whole" because "there was no single, continuous video, but rather, each 30-second clip, itself, was a complete video, triggered by motion detection." ***Id.*** at 185. In reaching its decision, the Court distinguished the decision in **United States v. *Yevakpor***, 419 F.Supp.2d 242 (N.D.N.Y. 2006), noting that in ***Yevakpor*** the surveillance system recorded continuously. ***Jackson-Bey***, 690 S.W.3d at 185. The video segments in ***Yevakpor***, however, were also not a complete recording of the search and stop related to a motion to suppress, had large gaps in time between the proffered clips, and were the only evidence available because the State affirmatively directed that any additional video relating to the encounter not be preserved. ***Yevakpor***, 419 F.Supp.2d at 245–46. None of those factors are present here.

Defendant fails to show that the rule of completeness applies. Admission of State's Exhibit 1 was not in error.

**<u>CONCLUSION</u>**

The Judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS